HAGGERTY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. November 10, 1904.)

1. NEGLIGENCE—INSTRUCTIONS.

In an action for injuries instructions that the verdict should be for that party whose witnesses were believed, with no instructions on negligence or contributory negligence were erroneous.

2. CORROBORATION OF WITNESS—QUESTION FOR JURY.

Whether a witness was corroborated was a question for the jury.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by William F. Haggerty against the New York City Railway Company. From a jurgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Henry F. Gannon, for appellant.
Charles A. Cartin, for respondent.

PER CURIAM. The court below gave no instructions whatsoever to the jury upon the question of either negligence or contributory negligence, but made the credibility of the witnesses the sole test of liability. The charge simply directed them, if they believed the version of the occurrence given by the plaintiff, to find in his favor, but, if they disbelieved this, and believed the evidence of the defendant's witnesses, that then their verdict should be for the defendant. Nothing was said as to the essential facts to be established conceding the truth of the testimony, before the defendant could be held liable. For these and the further reason that the court charged that defendant's conductor was not corroborated, this recovery cannot be permitted to stand. There was evidence tending to corroborate some of the details of the conductor's story, and whether there was corroboration or not was a subject which should have been submitted to the jury

Judgment reversed, and new trial ordered, with costs to appellant to abide event.